UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61301-CIV-COHN/SELTZER

BP PRODUCTS NORTH AMERICA INC.,

  Plaintiff,

vs.

SUPER STOP #701, INC., a Florida corporation,
and MAHAMMAD A. QURESHI, an individual,

  Defendants.
_____/

CASE NO. 08-61389-CIV-COHN/SELTZER

SUPER STOP #701, INC., a Florida corporation,
and MAHAMMAD A. QURESHI, an individual,

  Plaintiffs,

vs.

BP PRODUCTS NORTH AMERICA INC.,
a foreign corporation, NFH #2 ENTERPRISE, INC.,
a Florida corporation, and FIROZ A. SARKER, an individual,

  Defendants.
_____/

## OMNIBUS ORDER
## ORDER RESETTING PRETRIAL DEADLINES

THIS CAUSE is before the Court upon BP Products' Motion for Entry of Default and Final Default Judgment and/or Summary Judgment Against Defendants Super Stop #701, Inc. and Mahammad Qureshi [DE 57 in Case No. 08-61301 and DE 48 in Case No. 08-61389-CIV], Answer of Defendants Super Stop and Mahammad Qureshi [DE 58 in Case No. 08-61301], Defendant's Response and Cross Motion for Extension of Time to Retain Trial Counsel, to Extend Discovery Deadline, Continue Trial, and Extend Pre-Trial Disclosure Requirements [DE 62/63 in Case No. 08-61301 and DE 54/55 in Case No. 08-61389-CIV], BP Products' Response thereto [DE 67 in Case No.

08-61301 and DE 51 in Case No. 08-61389-CIV], the Notice of Appearance of Justin Leto on behalf of Defendants Super Stop #701, Inc. and Mahammad Qureshi [DE 68 in Case No. 08-61301], Defendants Supplemental Motion to Continue [DE 71 in Case No. 08-61301], BP Products' Response to the Supplemental Motion [DE 74] and Defendants' Reply [DE 75]. The Court has carefully considered the motions and all relevant filings.

## I.  BACKGROUND

As discussed in this Court's prior omnibus order in this case, 2008 WL 4861532 (S.D.Fla. Nov. 10, 2008), this dispute arose from unpaid fuel delivery bills. Super Stop #701, Inc. ("Super Stop"), whose principal is Mahammad A. Qureshi ("Qureshi"), owns a gas station and entered into a Dealer Supply Agreement with BP Products North America, Inc. ("BP") in 2006 ("Agreement"). This Agreement required BP to supply fuel to the gas station, which Super Stop leased to a separate company. That non-party sub-leased the station to Defendants NFH #2 Enterprise, Inc. ("NFH") and Firoz A. Sarker.

After the Court resolved some preliminary motions in both cases [DE 31 in Case No. 08-61301-CIV and DE 30 in Case No. 08-61389-Civ], BP filed an amended complaint against Super Stop and Qureshi. Defendants sought to dismiss many of these claims on preemption grounds. Before the Court could rule upon the motion, Defendants' counsel moved to withdraw. The Court denied the motion to dismiss and granted the motion to withdraw. The Court put Defendant Super Stop on notice that it must retain counsel as a corporation by June 3, 2009.

On June 11, 2009, Plaintiff moved for default judgment in Case No. 08-61301-Civ and summary judgment in Case No. 08-61389 for Defendants' failure to obtain

2

counsel.  Defendants Super Stop and Qureshi filed an Answer in Case No 08-61301 on June 24, 2009.  On June 29, 2009, the last day to respond to the motion for default judgment, Defendants responded to the motion and moved for a continuance of all deadlines for new trial counsel to appear and complete discovery.  Plaintiff opposes this relief.

On July 9, 2009, Defendant Qureshi appeared for deposition following Magistrate Judge Seltzer's granting in part of Defendants' Motion for Protective Order [DE 65 in Case No. 08-61301 and DE 57 in Case No. 08-61389].  Defendants then obtained new trial counsel [DE 68 in Case No. 08-61301] who filed a Supplemental Motion to Continue.  Plaintiff opposes this relief.  This last motion became ripe on August 5, 2009.

## II.  DISCUSSION

In Case No. 08-61301, the action by BP Products to recover a sum of money from Defendants, the Defendants ask the Court not to impose default as excusable neglect resulted in a calendaring error by counsel and the passing of the June 3, 2009 deadline to have a Notice of Appearance filed and a response to the Amended Complaint.  The standard for considering a claim of excusable neglect includes the following factors:  "the danger of prejudice to the nonmovant, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Advanced Estimating Sys. v. Riney, 130 F.3d 996, 997-98 (11th Cir. 1997) (quoting Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (defining excusable neglect in the context of bankruptcy)).

In this case the prejudice to BP Products is a short delay in the resolution of

3

their claim for money damages.  The length of the delay is quite short -- the answer was filed 21 days after the deadline and the response to the motion for default judgment was timely filed.  Counsel for Defendants has explained the delay, and though the delay was within the control of Defendants, at this point the Court will give new counsel the benefit of the doubt that she acted in good faith.  The Court therefore concludes that a continuance should be granted in the interest of justice.[1]

Defendants' new trial counsel seeks a six to eight week continuance to allow the taking of several depositions, noting his scheduling conflict with a specially set case for the month of October.  The Court will allow a brief continuance and short period of time for further discovery.  Given the inconvenience to BP Products of now having to potentially defend depositions, counsel for Defendants shall continue to cooperate with counsel as to the scheduling of depositions.

In Case No 08-61389, the record is not clear whether new counsel is representing Super Stop and Qureshi as plaintiffs in that action.  Thus, counsel shall either file a Notice of Appearance in that action by September 8, 2009, or the Court will grant summary judgment to BP Products on the claims of Super Stop #701, Inc. in that action.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  BP Products' Motion for Entry of Default and Final Default Judgment and/or Summary Judgment Against Defendants Super Stop #701, Inc. and Mahammad

---

[1] The Court acknowledges Plaintiff's argument that these Defendants should not be rewarded for what Plaintiff perceives is a pattern of delay, a pattern the Court is hesitant to reward.  Nonetheless, with the appearance of new counsel a short continuance is warranted.  Counsel for Defendants should be aware, however, of the history of this litigation prior to their appearance.

Qureshi [DE 57 in Case No. 08-61301] is hereby **DENIED**;

2. Defendant's Cross Motion for Extension of Time to Retain Trial Counsel, to Extend Discovery Deadline, Continue Trial, and Extend Pre-Trial Disclosure Requirements [DE 63 in Case No. 08-61301 and DE 55 in Case No. 08-61389-CIV] is hereby **GRANTED**;

3. Defendants Supplemental Motion to Continue [DE 71 in Case No. 08-61301] is hereby **GRANTED**;

4. Super Stop # 701, Inc. and Mahammed Qureshi shall have until September 8, 2009 to have counsel file a Notice of Appearance in Case No. 08-61389, or otherwise respond to the Motion for Summary Judgment [DE 48 in Case No. 08-61389-CIV].  Failure to do either will result in the dismissal of that action for failure to prosecute;

5. The discovery cutoff for both fact and expert discovery in this case is hereby extended until October 2, 2009, with dispositive motions now due October 9, 2009, and the joint pretrial stipulation due November 12, 2009.

6. The trial for this case is reset until the two-week period commencing November 23, 2009, with Calendar Call reset for November 19, 2009 at 9:00am in Courtroom 203E of the United States Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of September, 2009.

_____
JAMES I. COHN
United States District Judge

copies to:

Mark Blumstein, Esq.

Tracy Newmark, Esq.

Justin Leto, Esq.