UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61389-CIV-COHN/SELTZER

SUPER STOP #701, INC., a Florida corporation,
and MAHAMMAD A. QURESHI, an individual,

    Plaintiffs,
vs.

BP PRODUCTS NORTH AMERICA INC.,
a foreign corporation, NFH #2 ENTERPRISE, INC.,
a Florida corporation, and FIROZ A. SARKER, an individual,

    Defendants.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THIS CAUSE** is before the Court upon a bench trial held before the undersigned on November 22 and 23, 2009 in the related case of 08-61301-Civ and in this case. The Court has considered the testimony and other evidence presented at trial and the applicable law and is duly advised in the premises. Accordingly, pursuant to the requirements of Rule 52 of the Federal Rules of Civil Procedure, the Court issues the following Findings of Fact and Conclusions of Law.[1]

### I. BACKGROUND

Plaintiffs, owners of a service station selling BP branded gasoline, initiated this action against BP and the station operators, NFH#2 Enterprise, Inc. ("NFH") and NFH's principal, Firoz Sarker (collectively, "Defendants"). BP removed this action to federal court. On the eve of the recent bench trial in this action and the related action in Case

---

[1] This evidence as it pertains to the remaining claims in this case, 08-61389-Civ, is essentially a default judgment procedure.

No. 08cv61301, Plaintiffs entered into a stipulation of dismissal with BP, resulting in BP Products North America, Inc. being dismissed from this action.  Although that dismissal, which included dismissal of a federal claim under the Petroleum Marketing Practices Act, eliminated the initial reason for federal jurisdiction, the Court will utilize its discretion to retain its supplemental jurisdiction over the non-federal claims contained in the Second Amended Complaint.[2]

Upon inquiry by the Court after the first day of the bench trial, Plaintiff elected to have the evidence in the bench trial constitute its evidence against Defendants NFH and Sarker.  However, in its Proposed Findings of Fact and Conclusions of Law, Plaintiffs did not specifically address its claims against NFH and Sarker.  These claims, as contained in the Second Amended Complaint [DE 37], are for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (and for recovery of attorney's fees under the wrongful act doctrine), conversion (of the proceeds of the cash sales and a portion of the non-cash sales), and common law indemnification for any judgment against Plaintiffs obtained by BP in the companion case.  Defendants did not respond to the Second Amended Complaint as their counsel withdrew shortly after its filing [DE 38/44].  Defendants did respond to the initial complaint [DE 22], though it only included FDUTPA and conversion claims.

After Defendants' counsel withdrew, all notices in this case were mailed to Defendants' last known address, including the notices of the trial commencing on

---

[2] The dismissal of BP Products ended the case as to Counts I-IV of the Second Amended Complaint.

2

November 22, 2009.  Although Defendants are no longer receiving the mail at this last known address, the Court concludes that Defendants had sufficient notice of trial.

## II.  FINDINGS OF FACT[3]

1. Super Stop #701, Inc. ("Super Stop"), whose principal is Mahammad A. Qureshi ("Qureshi"), owns a gas station and entered into a Dealer Supply Agreement with BP Products North America, Inc. ("BP Products" or "BP") in 2006 ("Agreement").

2. The Dealer Supply Agreement ("Agreement") required BP to supply fuel to the gas station.  Exhibit 1.

3. Super Stop leased the gas station to a separate company, which in turn subleased the station to NFH #2 Enterprise, Inc. ("NFH") and NFH's principal Firoz A. Sarker ("Sarker").  Plaintiff's Exhibit 29, Exhibits A and B.

4. The sublease held Sarker to the same provisions as Plaintiffs had established in the lease.

5. The actual operators of the station were Defendants NFH and Sarker.

6. BP's Regional Account Executives for South Florida, the liaison between the dealers and BP, believed Sarker was the station manager of the gas station.

7.  Various bills for delivered fuel went unpaid during the period June 27, 2008

---

[3] Any of the foregoing factual findings that may represent conclusions of law are adopted as conclusions of law.  In addition, the Court has received proposed findings of fact from Super Stop, #701, Inc., filed in the docket of this case and served on all opposing parties [DE 88].

through July 7, 2008.  Plaintiff's Exhibits 8 through 28 (invoices and bills of lading); Testimony of Jeanne Ryan.

8. The unpaid balance of the bills was $511,953.58.  Testimony of Jeanne Ryan at 122 of Transcript [DE 89].

9. On Monday, July 7, 2008, after being telephoned by Jeanne Ryan regarding the lack of payment, Jeffrey Berning, BP's RAE, attempted to call Sarker, upon prior instruction of Defendant Qureshi.  Id. at 197.

10. Berning did not reach Sarker, but did speak with Qureshi by telephone.  Qureshi did not know about any insufficient funds notices and stated that he would try to find Sarker and get back with Berning.  Id. at 198.  Qureshi did not get back to Berning.

11. Jeffrey Berning, on behalf of BP attempted to ascertain what was occurring at the station on July 7, 2008, and upon visiting the location, found the station operating and selling gas with a clerk who could not tell him where Sarker was located.  Testimony of Jeffrey Berning at 198.

12. On July 28, 2009, BP sent a termination notice to Defendants ending the Dealer Supply Agreement as of August 4, 2008 because of multiple electronic payment drafts returned as unpaid and the failure to sell gasoline between July 8, 2008 and July 28, 2009.  Plaintiff's Exhibit 6.

## II.  CONCLUSIONS OF LAW

Turning first to Plaintiff's claims against NFH and Sarker for violations of the Florida Deceptive and Unfair Trade Practices Act, the Court notes that Plaintiffs have

not explained what actions of Defendants constitute a FDUTPA violation against Plaintiffs.  There is no evidence of any communications between the parties, and though Plaintiffs were given an opportunity to do so, Plaintiffs have not sufficiently described any damages as to any FDUTPA violation.  Therefore, the Court will not grant any default relief under Count V of the Second Amended Complaint.

As for the conversion claim, Plaintiffs must show:  "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein."  Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co., 125 F.Supp.2d 1093, 1099-1100 (S.D.Fla. 2000), *citing* Warshall v. Price, 629 So.2d 903, 904 (Fla. 4th DCA 1993), *rev. den*., 641 So.2d 1346 (Fla. 1994).  Although there is sufficient evidence in the form of Mahammad Qureshi's Affidavit that Sarker operated the station during the time that fuel was being delivered to the station but no payments were made to BP for the fuel, there is insufficient evidence that the funds in question ever belonged to Plaintiffs.  Exhibit 29.[4]  The lease (incorporated by the sublease to Defendants) that forms the basis of Plaintiffs' business arrangements with Defendants does not provide for any percentage of sales to be paid to Plaintiffs.  Exhibit 29-A.  Therefore, the Court cannot grant relief under Count VI of the Second Amended Complaint.

---

[4] The Court recognizes that this affidavit of a plaintiff who did not testify at the trial would not ordinarily be admissible against a different defendant, as it is no longer a statement of a party opponent.  However, the instant proceeding is more akin to a default judgment procedure, where unchallenged affidavits are routinely used to establish liability and damages.

However, the remaining claim for common law indemnification does find sufficient support in the record to afford Plaintiffs relief on this claim. The Lease itself provides that funds due to "Amoco" (the legal predecessor to BP) and not paid will be considered additional rent for default purposes. The Court has found in the companion case that Super Stop, Inc. and Mahammad Qureshi are liable to BP for unpaid fuel. There is no support for indemnification as to liabilities other than for unpaid fuel.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Court shall enter a judgment of indemnification in favor of Plaintiffs Super Stop #701, Inc. and Mahammad Qureshi and against Defendants NFH#2 Enterprise, Inc. and Firoz Sarker.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of December, 2009.

JAMES I. COHN
United States District Judge

copies to:

Justin Leto, Esq.

Firoz Sarker
11292 Coral Key Drive
Boca Raton, FL 33498

NFH #2 Enterprise, Inc.
11292 Coral Key Drive
Boca Raton, FL 33498